## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHER DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re JAMES L. NAPE, | ) | |
|       Debtor, | ) | |
| AND | ) | Case No. 11-02309 |
| | ) | |
| BROTHER'S MANUFACTURING | ) | Chapter 7 |
|       Plaintiff, | ) | |
| | ) | |
| JAMES L. NAPE d/b/a/ | ) | Adv. Proc. No._____ |
| Top Gun Supply Inc. /Power Clean Industries | ) | |
|       Defendant | ) | |

## COMPLAINT OBJECTING TO DISCHARGE IN BANKRUPTCY

NOW COMES Plaintiff, BROTHER'S MANUFACTURING, by and through their attorney,

Law Offices of Christopher J. Clark, and objecting, pursuant to 11 U.S.C. 523(a) (2) and (6) and

11 U.S.C. Section 727(a) (3) and (4) (A) to the request of the debtor, JAMES L. NAPE, and the

defendant, JAMES L. NAPE, for discharge in bankruptcy pursuant to Chapter 7 of the United

States Bankruptcy Code, and in support, states:

### JURISDICTION AND VENUE

1. This adversary proceeding arises out of Defendant's petition for relief under Chapter 7 of
   the United States Bankruptcy Code in Case No. 11-02309, filed on January 21, 2011.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C.
   Section 157 (b) (2).

3. Venue in this Court is proper pursuant to 28 U.S.C. Section 1409 (a).

### PARTIES

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
APR 1 8 2011
KENNETH S. GARDNER, CLERK
PS REP. - AJ

4. Plaintiff, Brother's Manufacturing, is a Minnesota company, having its principal place of business in Minnesota. Plaintiff is a distributor of janitorial equipment, carpet cleaning and painting supplies.

5. Defendant, JAMES L. NAPE is the president and sole owner of Top Gun Supply Inc. /Power Clean Industries, an Illinois corporation, having its principal place of business in Illinois.

6. Defendant has engaged in and continues to engage in, at minimum, the following unlawful, unfair or deceptive acts or practices:

   A. Failing to deliver the ordered goods within the promised time frame, failing to deliver complete orders, and/or failing to deliver goods at all; and

   B. Using deceptive guarantees and promises regarding refunds or replacements and then failing to comply with these policies.

## FACTUAL BACKGROUND

7. Plaintiff, Brother's Manufacturing, is a Minnesota company, having its principal place of business in Minnesota. Plaintiff is a distributor of janitorial equipment, carpet cleaning and painting supplies.

8. Defendant incorporated Top Gun Supply Inc. /Power Clean Industries in the State of Illinois on September 1996. Top Gun Supply Inc. /Power Clean Industries is a manufacturer of commercial cleaning equipment. Throughout the years, Top Gun Supply Inc. /Power Clean Industries maintained domestic and international agents/distributors.

9. On or about April 16, 2010, Plaintiff placed a purchase order with Defendant. The order consisted of one (1) Genesis-ZXT; one (1) Liberty-XT 36; and One (1) Freedom-XT 47.

10. The total cost of the order was $63,059.25.

11. On or about April 29, 2010, Plaintiff remitted the amount of $35,088.75 to Defendant.

12. On or about May 19, 2010, Plaintiff remitted the amount of $27,970.50 to Defendant.

13. On or about August 18, 2010, Defendant delivered one (1) Genesis-ZXT and one (1) Liberty-XT 36.

14. Defendant failed to deliver the Freedom-XT 47.

15. The value of the Freedom-XT 47 is $14,846.25.

16. On or about August 18, 2010, Plaintiff requested a refund in the amount of $14,846.25

17. Between April 16, 2010 and September 20, 2010, Defendant made several explicit or implicit fraudulent representations, directly or through other individuals under the Defendant's control concerning (but not limited to) refund policies, status of refunds, delivery dates of goods with the intent to deceive Plaintiff.

18. On or about September 20, 2010, Plaintiff made a final request for a refund of the purchase order.

19. After September 20, 2010, Defendant no longer responded to Plaintiff's requests.

20. On or about October 10, 2010, Plaintiff's counsel wrote a letter to Defendant requesting fulfillment of the purchase order.

21. Defendant did not respond to counsel's letter, dated October 10, 2010.

22. Defendant's intentional failure to deliver goods or provide a refund constitutes actual fraud.

23. Between August 18, 2010 and January 21, 2011, Defendant converted Plaintiffs funds for personal or business use.

24. Between August 18, 2010 and January 21, 2010, Defendant liquidated property, purchased on behalf of Plaintiff, thus resulting in the conversion of Plaintiff's property.

25. As a direct and proximate result of Defendants actions, Plaintiff has suffered damages in the amount of $14,846.25.

26. On January 21, 2011, Defendant filed a petition pursuant to Chapter 7 of the United States Bankruptcy Code for a discharge of all debts in bankruptcy.

27. Defendant's petition for Bankruptcy, Schedule B, states that Defendant has one-hundred percent (100%) ownership in Top Gun Supply Inc. /Power Clean Industries. Defendant lists his current value of interest in Top Gun Supply Inc. /Power Clean Industries as zero.

28. Defendant petition for Bankruptcy listed Top Gun Supply Inc. /Power Clean Industries as a Codebtor.

29. Defendant's petition for Bankruptcy states that Defendant has no inventory.

30. Defendant's Statement of Financial Affairs states that Defendant does not or has not had a business within six years immediately preceding the commencement of this case.

31. Defendant's Statement of Financial Affairs states that Defendant does not or has not had books, records and financial statements.

32. Defendant's Statement of Financial Affairs states that Defendant does not or has not had an inventory or any records of inventory.

## COUNT I
## OBJECTION TO DISCHARGEABILITY – 11 U.S.C. 523(a) (2)

33. Plaintiff realleges and incorporates by reference paragraphs 1 – 32 of the Complaint.

34. Pursuant to 11 U.S.C. 523(a) (2), a discharge under section 727, 1141, 1228(a), or 1328(b) of Title 11 of the United States Code does not discharge an individual debtor

from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

35. Based upon the foregoing, Defendant has engaged in acts amounting to those recognized as nondischargeable in 11 U.S.C. 523(a) (2).

**WHEREFORE**, Plaintiff requests entry of a judgment in their favor and against Defendant to the effect that Defendant's debt to them be excepted from discharge.

## COUNT II
## OBJECTION TO DISCHARGEABILTY – 11 U.S.C. 523(a) (6)

36. Plaintiff realleges and incorporates by reference paragraphs 1 – 32 of the Complaint.

37. Pursuant to 11 U.S.C. 523(a)(6), a discharge under section 727, 1141, 1228(a), or 1328(b) of Title 11 of the United States Code does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

38. Based upon the foregoing, Defendant has engaged in acts amounting to those recognized as nondischargeable in 11 U.S.C. 523(a) (6).

**WHEREFORE**, Plaintiff requests entry of a judgment in their favor and against Defendant to the effect that Defendant's debt to them be excepted from discharge.

## COUNT III
## OBJECTION TO DISCHARGEABILTY – 11 U.S.C. 727(a) (4) (A)

39. Plaintiff realleges and incorporates by reference paragraphs 1 – 32 of the Complaint.

40. Pursuant to 11 U.S.C. 727(a) (4) (A), the court shall grant the debtor a discharge, unless, the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

41. Based upon the foregoing, Defendant has engaged in acts amounting to those recognized as nondischargeable in 11 U.S.C. 727(a) (4) (A).

**WHEREFORE**, Plaintiff requests entry of a judgment in their favor and against Defendant to the effect that Defendant's debt to them not be discharged.

## COUNT IV
## OBJECTION TO DISCHARGEABILTY – 11 U.S.C. 727(a) (3)

42. Plaintiff realleges and incorporates by reference paragraphs 1 – 32 of the Complaint.

43. Pursuant to 11 U.S.C. 727(a)(3), the court shall grant the debtor a discharge, unless, the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case

44. Based upon the foregoing, Defendant has engaged in acts amounting to those recognized as nondischargeable in 11 U.S.C. 727(a) (3).

WHEREFORE, Plaintiff requests entry of a judgment in their favor and against Defendant to the effect that Defendant's debt to them not be discharged.

Plaintiff,

Christopher J. Clark
Attorney for Plaintiff

CHRISTOPHER J. CLARK
Law Offices of Christopher J. Clark
171 E. 154th Street
Harvey, Illinois 60426
708-491-7175